UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WAYNE EVANS,

Petitioner,

v.            6:13-cv-5
                6:10-cr-29-01

UNITED STATES OF AMERICA,

Respondent.

## ORDER

Wayne Evans has filed a Notice of Appeal.[1] ECF No. 19. The Court construes a notice of appeal as a request for a Certificate of Appealability ("COA"). *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997). Because the Court can discern no COA-worthy issues, no COA should issue.

The Court denied Evans's Motion to Amend his complaint, which was based on 28 U.S.C. § 2255. ECF No. 18. Evans's petition was denied on March 6, 2013, ECF No. 6, and a judgment was entered on that date, ECF No. 7. Evans did not seek to amend his complaint until October 23, 2014, ECF No. 17, and the Court therefore denied his Motion as untimely, ECF No. 18 at 1.

---

[1] The Court notes that it denied Evans a COA in this matter. *See* ECF Nos. 6 (adopting the Magistrate Judge's recommendation that a COA be denied); 14 at 1 (reiterating the denial of the previous denial of a COA in the adopted recommendation). However, because Evans's current appeal concerns only the Court's recent denial of his Motion to Amend, the Court will reconsider whether a COA should issue.

The Court will issue a COA "only where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *see also* 28 U.S.C. § 2253(c)(2). The petitioner "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (alteration and internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

Evans's justification for the amendment he sought was Federal Rule of Civil Procedure 15, and the Court denied his Motion because Rule 15 has no application after the entry of a judgment. *See* ECF No. 18 at 1; *see also Lee v. Alachua Cnty., Fla.*, 461 F. App'x 859, 860 (11th Cir. 2012) ("Rule 15 has no application, however, 'once the district court has dismissed the complaint and entered final judgment for the

defendant.'" (quoting *Jacobs v. Tempur–Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)). Therefore, the Court finds that reasonable jurists would not disagree that the ruling was correct.

Evans also impliedly moves for leave to proceed *in forma pauperis* ("IFP") on appeal. Because the Court can discern no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Therefore, IFP status on appeal is inappropriate. 28 U.S.C. § 1915(a)(3).

The Court *DENIES* Evans's request for a COA, ECF No. 19, and also *DENIES* Evans IFP status on appeal.

This 2 day of December 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA