# United States District Court
# for the Southern District of Georgia
# Statesboro Division

UNITED STATES OF AMERICA, )
)
v. ) CR610-029
)
WAYNE EVANS, )
)
    Defendant. )

## ORDER

Before the Court is Defendant Wayne Evans' ("Evans") motion for reconsideration of this Court's Order denying his "motion to reinstate[] [his] appeal right pursuant to 28: U.S.C. 2255 [for] ineffective assistance of counsel," dkt. no. 154. Dkt. No. 163. Also before the Court is his second motion to unseal jury notes, dkt. no. 164, to which the Government filed a response in opposition, dkt. no. 165.

As explained in this Court's previous Order, dkt. no 161, Evans' motion is a second § 2255 motion for which he requires permission from the Eleventh Circuit. It is undisputed that Evans has not received authorization from the Eleventh Circuit to file a successive motion. This Court thus lacks jurisdiction to consider his petition. *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); see also *Medberry v. Crosby*, 351 F.3d 1049,

1061 (11th Cir. 2003) ("[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions.").

Evans responds that "his proposed § 2255 motion is not 'second or successive' under 28 U.S.C. § 2255(h), because it seeks only to reinstate his direct-appeal rights and therefore does not challenge the legality of the sentence imposed." Dkt. No. 163 at 2. By seeking to reopen his appeal via an ineffective assistance of counsel claim, however, he is *de facto* challenging the legality of the affirmance of his sentence on appeal. This is the heart of § 2255 territory, and since he has already had his shot at § 2255 relief, he *cannot* come back to this Court for a second attempt without authorization from the Eleventh Circuit. The Court can do nothing for him without it. *In re Bradford*, 830 F.3d at 1277; *Farris*, 333 F.3d 1211, 1216; *Carter*, 405 F. App'x at 410.

This Court reaffirms its previous Order finding that Evans' motion is procedurally barred and thus **DISMISSED**. Dkt. No. 163. His motion to unseal jury notes (apparently intended for use in his revived appeal) is **DENIED** as moot. Dkt. No. 164.

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or

AO 72A
(Rev. 8/82)

2

1061 (11th Cir. 2003) ("[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions.").

Evans responds that "his proposed § 2255 motion is not 'second or successive' under 28 U.S.C. § 2255(h), because it seeks only to reinstate his direct-appeal rights and therefore does not challenge the legality of the sentence imposed." Dkt. No. 163 at 2. By seeking to reopen his appeal via an ineffective assistance of counsel claim, however, he is *de facto* challenging the legality of the affirmance of his sentence on appeal. This is the heart of § 2255 territory, and since he has already had his shot at § 2255 relief, he *cannot* come back to this Court for a second attempt without authorization from the Eleventh Circuit. The Court can do nothing for him without it. *In re Bradford*, 830 F.3d at 1277; *Farris*, 333 F.3d 1211, 1216; *Carter*, 405 F. App'x at 410.

This Court reaffirms its previous Order finding that Evans' motion is procedurally barred and thus **DISMISSED**. Dkt. No. 163. His motion to unseal jury notes (apparently intended for use in his revived appeal) is **DENIED** as moot. Dkt. No. 164.

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or

deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, and in consideration of the standards enunciated in *Slack v. McDaniel*, 529 U.S. 473, 482-84 (2000), Evans has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Evans is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

**SO ORDERED**, this 14 day of June, 2018.

_____
LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.